UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CESAR COCA and MICHAEL COCA,

               Plaintiffs,

     -against-

THE CITY OF NEW YORK, CHRISTOPHER
SCHILLING, and JOHN DOES 1-3,

               Defendants.
----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 07 2010 ★
BROOKLYN OFFICE

CV 10-4084

COMPLAINT

DEARIE, CH.J.
GOLD, M.J.

PLAINTIFFS DEMAND
A TRIAL BY JURY

Plaintiffs Jacob Allen and Immanuel Allenn by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

1. At all times hereinafter mentioned plaintiff Cesar Coca is a twenty-five year-old an adult male resident of Kings County, within the State of New York.

2. At all times hereinafter mentioned plaintiff Michael Coca is a twenty year-old adult male resident of Kings County, within the State of New York.

3. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant Christopher Schilling, Shield 6516, was employed by the City of New York as a detective assigned to the Brooklyn North Narcotics Division ("BNND"). Schilling is sued herein in his official and

individual capacities.

5. At all relevant times hereinafter mentioned, defendants John and Jane Does 1 through 3 were persons whose identity is presently unknown who were employed by the City of New York as NYPD Police Officers assigned to the BNND. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the actions complained of herein occurred.

8. That plaintiffs timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiffs complain.

## RELEVANT FACTS

11. On September 2, 2009, plaintiffs, who are brothers, were traveling in a car with their father, Rogelio Coca and one other person. Cesar Coca was driving and Michael Coca was sitting behind him, in the driver's side rear seat. A female friend of Cesa Coca was sitting in the front passenger seat and Mr. Coca was sitting behind her.

12. The plaintiffs pulled up and double parked in front of their father's

2

residence at 141 Stanhope Street, in Kings County, in order to drop the plaintiff's father off at his home.

13. Before Mr. Coca exited the car, one of the four individual defendants approached the vehicle and spoke with Cesar Coca.

14. The defendant asked if any of the car's occupants lived at 141 Stanhope Street. When plaintiff's father acknowledged that he lived there, the defendants directed him to step out of the car. Plaintiff's father was then searched while on the sidewalk. As part of the search, defendants turned his pockets inside out and made him remove his shoes and socks.

15. During the course of the search a small amount of heroin was found in plaintiff's father's possession. Neither of the plaintiffs was aware of their father's drug use and neither knew that he was in possession of any narcotics. At no time were there any narcotics or contraband in the vehicle, other than whatever small amount Rogelio Coca had in his personal possession.

16. After the defendants' discovery of narcotics, they directed plaintiffs to exit the vehicle. Both plaintiffs were then searched and arrested.

17. Plaintiffs were then placed in handcuffs and transported to a local NYPD station house, where they were detained for a number of hours. The plaintiffs were then transported to Kings County Central Booking, where they were detained for many more hours.

18. At no time did there exist probable cause to arrest either of the plaintiffs, nor could the defendants have reasonably believed that probable cause existed.

19. Defendant Schilling swore out a criminal complaint against both plaintiffs and Rogelio Coca. Jacob Allen, in which Schilling alleged that he "observed the defendants

inside a vehicle and in possession of a quantity of heroin in that the [Schilling] recovered said quantity of heroin that was in open view from inside said vehicle."

20. The factual allegations sworn to by Schilling were false and Schilling knew them to be false at the time he made them.

21. As a result of the false allegations sworn to by Schilling, criminal charges were filed against both plaintiffs, causing both to be detained in custody for a period of one or more days.

22. The plaintiffs were arraigned after a period of more than 24 hours, during which time they were each strip searched. Eventually, the charges against both plaintiffs were dismissed.

23. At no time did any of the individual defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

24. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

25. That at all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

26. Plaintiffs repeat the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. Defendants willfully and intentionally seized, searched, detained and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

28. Defendants willfully and intentionally subjected plaintiffs to criminal process through the making of false or materially misleading statements and without probable cause to believe that these plaintiffs could be successfully prosecuted, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

29. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

31. Plaintiffs repeat the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

32. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

33. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority,

use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

34. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

35. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

36. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## THIRD CAUSE OF ACTION

37. Plaintiffs repeat the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38. Plaintiffs were subjected to false arrest and false imprisonment by the defendants.

39. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable or otherwise appropriate.

40. The defendants are therefore liable to plaintiffs for false arrest, false imprisonment, and the denial of due process.

41. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

42. Plaintiffs repeat the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary police and law enforcement conduct with respect to any interaction with plaintiffs.

44. The police and law enforcement conduct engaged in and rendered to plaintiffs by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and

accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

45. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiffs were caused to sustain severe and irreparable personal injury and damage.

46. By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical injury, mental anguish, and to be unlawfully incarcerated..

## FIFTH CAUSE OF ACTION

47. Plaintiffs repeat the allegations contained in paragraphs "1" through "46" above as though stated fully herein.

48. Defendants willfully and intentionally seized, arrested, and imprisoned plaintiffs without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

49. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiff their right to full and equal benefit of the laws of the State of New York.

50. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual and punitive damages in an amount to be determined at trial;

    iii.    on the third cause of action actual damages in an amount to be determined at trial;

    iv.    on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

    v.    on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

    vi.    on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

    vii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    viii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 1, 2010

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743